IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRADFORD ENERGY CAPITAL, LLC, and BRADFORD DRILLING ASSOCIATES XXVII L.P., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 17-1231 |
| SWEPI LP AND ROCKDALE MARCELLUS LLC, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

On September 25, 2020, the Court entered summary judgment as a matter of law in favor of Defendants Rockdale Marcellus, LLC (Rockdale) and SWEPI LP and against Plaintiffs Bradford Energy Capital, LLC, and Bradford Drilling Associates XXVII L.P. (collectively Bradford) as to all claims. ECF Nos. 133 (Opinion) & 134 (Order). On October 23, 2020, the Court was informed by counsel for Bradford that Bradford's "revenue has been wiped out due to a lack of production from their gas wells," that Bradford is in the process of winding down its business and has few or no remaining assets, and that Bradford has been unable to pay its own counsel's last several invoices for legal fees and will be unable to pay any future legal fees. ECF No. 142, 1-2. On April 5, 2021, counsel for Bradford filed a Notice of Withdrawal of Appearance of Counsel, noting that the "clients consent to this withdrawal." ECF No. 151. On April 15, 2021, Rockdale filed a Motion to Strike the Notice of Withdrawal, to which Bradford's counsel filed a Response. ECF Nos 152 & 155.

In its Motion to Strike, Rockdale notes that, by filing a Notice of Withdrawal rather than a motion requesting withdrawal, Bradford's counsel failed to comply with this Court's Local Civil Rule 83.2.C.4.[1]  However, Bradford's counsel appears to recognize that court approval is required for withdrawal, as he states in his Response to the Motion to Strike that he "request[s] that the Court permit the withdrawal of Sashe Dimitroff, Emily Thomas and Rachel Hooper as attorneys of record."[2]  ECF No. 155.  Therefore, the Court will address the Notice of Withdrawal and Response to the Motion to Strike as a motion requesting withdrawal of counsel.

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."  Rowland v. California Men's Colony, 506 U.S. 194, 201-202 (1993).  Whether to grant or deny a motion to withdraw as counsel is within the discretion of the court.  Erie Molded Plastics, Inc. v. Nogah, LLC, 520 F. App'x 82, 84 (3d Cir. 2013) (citing Ohntrup v. Firearms Center Inc., 802 F.2d 676, 679 (3d Cir. 1986)).  Courts consider factors such as: (a) the reasons why withdrawal is sought; (b) the prejudice withdrawal may cause to other litigants; (c) the harm withdrawal might cause to the administration of justice; and (d) the degree to which withdrawal will delay the resolution of the case.  Miller v. Native Link Constr., LLC, No. CV 15-1605, 2019 WL 1277172, at *1 (W.D. Pa. Jan. 29, 2019).

---

[1]  Local Civil Rule 83.2.C.4, provides as follows:

> 4. **Withdrawal of Appearance**. In any civil proceeding, no attorney whose appearance has been entered shall withdraw his or her appearance except upon filing a written motion. The motion must specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney. If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature.

LCvR 83.2.C.4.

[2] To the extent that the Clerk of Court "terminated" Sashe Dimitroff as counsel of record in response to his Notice of Withdrawal, such action was in error.  Counsel also seeks the withdrawal of Emily Thomas and Rachel Hooper; however, Ms. Thomas never entered an appearance on the docket.

Relative to a request to withdraw representation on behalf of a corporation, the United States Court of Appeals for the Third Circuit provides instructive guidance in <u>Ohntrup v. Firearms Center Inc.</u> and <u>Erie Molded Plastics, Inc. v. Nogah, LLC</u>.

In <u>Ohntrup</u>, the plaintiff had obtained a judgment against the defendant Makina, a Turkish corporation, which the corporation refused to satisfy. 802 F.2d at 677. The plaintiff therefore commenced discovery in aid of execution of the judgment, and when the corporation refused to cooperate, the plaintiff filed motions to compel discovery. <u>Id.</u> at 677-78. Said motions were served on counsel for the corporation. <u>Id.</u> at 678. Defense counsel, however, was unable to get direction from his client as to how to proceed and therefore considered that his representation had ended. <u>Id.</u> Thereafter, the corporation informed counsel "by telex that it no longer wished [him] to continue its representation in the matter." <u>Id.</u>

Defense counsel filed a motion to withdraw, stating in part, that he was without authority to represent the corporation since he had been dismissed. <u>Id.</u> at 679. The Third Circuit recognized the "practical problem" raised by defense counsel, but still upheld the denial of the motion to withdraw, noting that the District Court "fairly balanced [defense counsel's] concerns with the court's need for effective communication and efficient administration." <u>Id.</u> The Third Circuit, however, disagreed that the ruling required defense counsel to represent the corporation until it obtained new counsel. <u>Id.</u> The <u>Ohntrup</u> Court explained that, "[s]uch a result is neither mandated nor required for the effective administration of the judicial system," because "[o]therwise, a lawyer in [such a] situation might be unable to withdraw at any time." <u>Id.</u> at 679-80. The Third Circuit therefore held "that a law firm is entitled to withdraw once the firm

demonstrates to the satisfaction of the district court that its appearance serves no meaningful purpose, particularly insofar as an opposing interest is concerned." Id. at 680.[3]

In Erie Molded Plastics, the Third Circuit reversed the District Court's denial of counsel's motion to withdraw, finding that the decision was "counter to our holding in Ohntrup, [that counsel] is entitled to withdraw once his appearance continues to serve no meaningful purpose." 520 F. App'x at 85. In that case, the corporate defendant had engaged counsel but did not pay counsel's fees and stated that it would not pay his fees in the future. Id. at 85. The corporation also told counsel that it was going out of business. Id. No judgment had been entered against the corporation and neither the plaintiff nor the corporation opposed the motion to withdraw. Id. In support of permitting counsel's withdrawal, the Third Circuit hypothesized that, if counsel were permitted to withdraw, "one of two events would happen," neither of which would harm or prejudice the plaintiff: (1) the corporate defendant would retain new counsel and the case would proceed as planned, or (2) the corporate defendant would fail to retain new counsel, default judgment would be entered against the defendant ("because it can only appear in federal court through licensed counsel"), the case would be expedited, and plaintiff would not be prejudiced. Id.

In explaining why, in Ohntrup counsel was not permitted to withdraw, but in Erie Molded Plastics counsel was permitted to withdraw, the Third Circuit pointed to the fact that the Ohntrup plaintiff had obtained a favorable judgment and communication issues with a foreign corporation were present. In Ohntrup, "an opposing party had obtained a favorable judgment against the defendant, and due to communication barriers between the parties (the defendant corporation

---

[3] In this regard, Rockdale's Proposed Order to its Motion to Strike is inconsistent with Ohntrup as the Proposed Order requires that counsel represent Bradford "unless and until successor counsel is identified." ECF No. 152-1.

was located in Turkey), the Court found that active representation by counsel to the foreign defendant was necessary to allow the opposing party to obtain satisfaction of its judgment." Id. (citing Ohntrup, 802 F.2d at 679). In Erie Molded Plastics, however, there was "no indication that communication problems would prevent [plaintiff] from obtaining satisfaction of a default judgment if one were entered. Moreover, there is no suggestion that Erie's interests would be prejudiced by [counsel's] withdrawal." Erie Molded Plastics, 520 F. App'x at 85.

Turning to the instant case in light of Ohntrup and Erie Molded Plastics, the Court finds that the circumstances here weigh in favor of granting counsel's motion to withdraw. The fact that Rockdale has obtained a favorable judgment, whereas the plaintiff in Erie had not, does not weigh strongly in favor of Rockdale. The Erie Molded Plastics decision clarifies that the primary reason for not permitting counsel to withdraw in Ohntrup was the presence of communication issues with a foreign corporation that impacted the collection of the judgment. Erie Molded Plastics, 520 F. App'x at 85 (citing Ohntrup, 802 F.2d at 679). The Erie Molded Plastics Court distinguished Ohntrup by focusing on the communication issue, explaining that "the [Ohntrup] Court found that active representation by counsel to the foreign defendant was necessary to allow the opposing party to obtain satisfaction of its judgment." Erie Molded Plastics, 520 F. App'x at 85. The Erie Molded Plastics Court then reinforced this conclusion by highlighting that there was "no indication that communication problems would prevent Erie from obtaining satisfaction of a default judgment if one were entered." Id. Significantly, in both Erie Molded Plastics and in this case, there are no communication issues like there were in Ohntrup. The Erie Molded Plastics Court hypothesized that if the corporate defendant failed to obtain new counsel, then the plaintiff would obtain default judgment against the corporation. Id. at 85. The

5

Third Circuit then concluded that plaintiff obtaining judgment against a non-represented corporation "would not prejudice Erie." Id.

There is no meaningful distinction between the potential prejudice Rockford, who has obtained judgment, would face if Bradford were unrepresented and the Third Circuit's conclusion that Erie would not be prejudiced once it did obtain judgment against the unrepresented corporation. Moreover, Rockdale does not specify how it would be prejudiced, or even state that it would suffer prejudice if counsel were permitted to withdraw. The Third Circuit's discussion in Erie Molded Plastics accounts for the scenario, present here, where an opposing party has obtained judgment by forecasting that permitting counsel to withdraw would not prejudice the opposing party. It follows, therefore, that in this case, where Rockford has secured judgment in its favor and there are no communication issues, permitting counsel to withdraw "would not prejudice" Rockford. Id.

Finally, this Court concludes that "no meaningful purpose is served by forcing [Bradford's counsel] to remain in this case." Id. Bradford's counsel is located in Texas. There appears to be no advantage, in either efficiency or the administration of justice, to have opposing counsel serve pleadings on Texas counsel only to have such pleadings forwarded to Bradford. Bradford has indicated it is not going to pay counsel and appears to have given up active participation with both its counsel and this case. Forcing Texas counsel to attempt to communicate with a client who will likely ignore contact is not a meaningful purpose. Moreover, Rockdale is already seeking to obtain satisfaction of judgment through discovery in aid of execution aimed at finding and securing Bradford's assets. If necessary, Rockdale may seek court intervention. Whether Bradford's counsel is involved in such matters will not meaningfully change the result and will likely only add delay to Rockdale's efforts. Inquiries

and pleadings directed to Bradford's counsel will in all likelihood be met with a reiteration that Bradford is non-responsive to counsel's communication efforts, thereby rendering counsels' presence meaningless.  Whether, as Rockdale suggests, Bradford is winding down its business to avoid paying judgment, or if, as Bradford's counsel states, Bradford's revenue has been wiped out and it has little to no assets, Rockdale's ability to satisfy its judgment in this case would not be facilitated in any meaningful way by proceeding though counsel who is not wanted and will not be paid.  In either event, satisfaction of the judgment depends on locating Bradford's assets in an attempt to satisfy the judgment and on Bradford's actions in response to such collection attempts.  Again, it is difficult to distinguish the present case from <u>Erie Molded Plastics</u> in which the Third Circuit explicitly stated that if the opposing party obtained a default judgment against a non-represented corporate defendant such "result would not prejudice" the opposing party.  <u>Erie Molded Plastics</u>, 520 F. App'x at 85.

Reviewing the circumstances in this case in light of the applicable law it is the decision of the Court that counsel for Bradford's request to withdraw as counsel for Bradford is granted, and Rockdale's Motion to Strike is denied.

IT IS SO ORDERED

Dated: July 8, 2021

_____
Marilyn J. Horan
United States District Court Judge